## MANCHESTER MILLS *v*. RUNDLETT.

If one contract to build a house for another on his land, and, having procured blinds and fitted them to the windows, take them off to paint them according to his contract, the blinds while in the contractor's hands for the purpose of being painted and finished, are his property and liable to be taken for his debt.

TROVER for thirty-four pairs window blinds. Plea, the general issue.

On the trial of this action, it appeared in evidence, that on the sixteenth of July, 1846, the plaintiffs and one William Brandon entered into an agreement in writing — that Brandon should build a house for the plaintiffs on a lot of land owned by them in Bedford, agreeably to a certain plan and specifications; and that the plaintiffs should pay therefor the sum of $3430, as follows — $1000 when the building was framed, raised and covered; $1000 when the whole of the carpenter work was completed; and $1430 when the whole work was completed and the key delivered. By the agreement, Brandon was to furnish all the materials and to commence and prosecute the work so as that the completion of the whole should not be delayed beyond the fifteenth of November, 1846. In the specifications to which the agreement referred, it was provided that the contractor should make and hang strong blinds, with sufficient hinges and proper fastenings, to all the windows of the house, and that the whole of the outside of the building should be painted with three good coats of a light drab or freestone color, and nothing farther was specified as to the painting of the blinds.

Evidence was introduced on the part of the plaintiffs, tending to show that about the middle of November, 1846, Brandon having partially fulfilled his contract, abandoned the work, leaving the house in an unfinished condition, and that a short time prior thereto, and previous to the fifteenth of that month, Brandon had bought the blinds in question, in an unpainted state, and fitted them to the windows of the house, having furnished them with proper hinges and fastenings for their respective windows: that, after they were thus fitted and hung, they were taken down, being first marked with a number corresponding with the number of their respective windows, and laid away in the stable by Brandon, for the purpose of being painted, and that a painter, employed by Brandon, commenced painting them and had primed over all of them but two or three pairs, when they were attached by the defendant, on the sixteenth of November, 1846, on a writ in favor of a creditor of Brandon's against him, and as his property, the defendant then being a deputy sheriff of this county. From the time the blinds were

·taken down from the windows, after being fitted and hung as above stated, until they were attached by the defendant, they remained in the stable.

Payments were made by the plaintiffs to Brandon, upon the contract, as follows : — On the seventh of Sept., 1846, $1200 ; on the fifth of Oct., 1846, $500 ; and on the seventh of Nov., 1846, $1000.

A verdict was taken for the plaintiffs by consent, to be set aside and judgment entered for the defendant, if the court should be of opinion that the plaintiffs cannot maintain their action on the foregoing case.

*H. Foster* and *G. Y. Sawyer*, for the plaintiffs.

*Morrison,* for the defendant.

PERLEY, J.   The blinds in question were furnished by Brandon, and were his property at the time when they were taken, unless they had been delivered to the plaintiffs and had been annexed to the house, which Brandon was building for them. The contract required Brandon to paint the blinds, and they were in his hands unfinished ; the plaintiffs had no possession, nor any right of possession ; the fitting of the blinds to the windows did not complete the work to be done on them ; it was not a surrender of the possession and control of them to the plaintiff ; it did not annex them to the house and make them part of it.   The fitting of the blinds was done by way of trial, in the progress of the manufacture of the blinds; and cannot be regarded as having any more effect to transfer the possession and property to the plaintiffs, than a measurement which would have answered the same purpose.

The contract required Brandon to make, paint, and hang the blinds by the sixteenth of November.   If he had destroyed or sold these blinds after they were fitted to the windows, but had procured and hung others before the sixteenth of November, this would have been a complete performance of his contract ; and the blinds so annexed to the house would be a part of it,

and belong to the plaintiffs, which is quite inconsistent with the position that these blinds, at the time when they were taken, had become the property of the plaintiffs.

The blinds were indeed designed by Brandon to be put on the house, but they were designed for that purpose from the time when they were purchased; and if the intention of using them in the performance of the contract can give the property to the plaintiffs, the act of fitting them to the house would be immaterial. No point can be fixed in the course of the manufacture of the blinds when they would pass to the plaintiffs and become their's. Till they were finally completed and hung on the house to remain as part of it, there was no delivery to the plaintiffs, nor any annexation to the house.

If the state of the account shows that Brandon had been paid in advance of his work on the house, it would not affect the question. *Bennett* v. *Platt,* 9 Pick. Rep., 558; *Young* v. *Austin,* 6 Pick. Rep., 280.

The furnishing of these blinds, for the house which Brandon had contracted to build, cannot, perhaps, in strictness, be considered as a separate sale and delivery of the blinds. But as to a creditor of Brandon, who takes them for his debt, the analogy is very close between this, and the case of a contract to make and sell a carriage, or boat, or other chattel of the kind. In that case, until the article contracted for is finished and delivered, no property passes, though paid for in advance. *Mucklow's Assignee* v. *Mangles,* 1 Taunt., 318; *Phelps* v. *Willard,* 16 Pick. Rep., 29; Story on Bailments, 285.

*Verdict set aside and judgment entered for the defendant.*